IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-58,972-02






EX PARTE DAVID BRUCE TAYLOR, Applicant





ON APPLICATION FOR WRIT OF HABEAS CORPUS IN


CAUSE NO. 114-1543-01 IN THE 114
TH JUDICIAL DISTRICT COURT


OF SMITH COUNTY



 Per curiam.


ORDER 



 The clerk of the trial court transmitted this application for a writ of habeas corpus to this
Court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Ex parte Young, 418 S.W.2d
824 (Tex. Crim. App. 1967). Applicant was convicted of possession of less than one gram of
cocaine. Punishment was assessed at confinement for twenty years, consecutive to another sentence,
after Applicant was found to be a habitual offender. The conviction was affirmed on appeal. Taylor
v. State, No. 12-02-054-CR (Tex. App. - Tyler, delivered December 23, 2003, no pet.).

 Applicant contends that his conviction should be overturned on the grounds of ineffective
assistance of counsel. The trial court found that Applicant's trial counsel failed to object to
admission of an extraneous escape offense and failed to proffer evidence that Applicant had
previously been acquitted of that escape, and recommended that relief be granted because counsel
therefore provided ineffective assistance. However, evidence of an otherwise admissible extraneous
offense is not rendered inadmissible merely because the defendant has been acquitted of that offense
in a previous criminal trial. Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708
(1990). Similarly, evidence of that acquittal would not necessarily establish that Applicant did not
commit the acts shown by testimony at Applicant's trial, see Ashe v. Swenson, 397 U.S. 436, 90 S.Ct.
1189, 25 L.Ed.2d 469 (1970), and the record before this Court does not demonstrate that counsel
could have shown that evidence of the acquittal would have been admissible for that purpose. The
facts found by the trial court do not support the conclusion that trial counsel rendered ineffective
assistance of counsel, and relief is therefore denied.

 

IT IS SO ORDERED on this the 12th day of April, 2006.

DO NOT PUBLISH